IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-055 |
| | ) | |
| JUSTIN MICHAEL TONEY | ) | |

**O R D E R**

Before the Court are several pre-trial discovery motions filed by Defendant Justin Michael Toney.

**I.  Motion to Examine Physical Evidence**

The Court **GRANTS** Defendant's motion for independent examination of physical evidence in the case (doc. no. 15), subject to the following terms and conditions:

(a) Defense counsel must submit to the government a list of physical evidence to be tested or examined by experts;

(b) Defense counsel shall confer with the government's attorney to work out the availability of substances or materials to be tested;

(c) Any testing by defense experts must be completed within thirty days of the date of this Order;

(d) Defense counsel shall provide written notice to the government of any testing at least ten days in advance and shall permit government representatives to attend the testing; and

(e) The test or laboratory results obtained by defense experts shall be served upon the government not later than five days after the test.

## II. Motion to Preserve Evidence

Defendant also filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 22.) Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The Court **GRANTS** the motion, and the government is instructed to preserve all evidence in this case, including rough notes authored by agents.

## III. Preliminary Motion to Suppress

Defendant also filed a boiler-plate, preliminary motion to suppress which offers no specific basis for suppression but seeks permission to file a particularized motion at an unspecified, later date. (See doc. no. 21.) Defendant shall have until **August 17, 2016** to file a particularized motion that sets forth a specific basis for suppression and that, in compliance with Local Criminal Rule 12.1, supports every factual assertion with a cite to the existing record, an affidavit, or other evidence. The burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994). Failure to cure the defects with the pending preliminary motion will result in the Court treating that motion as a nullity.

This extension of time to particularize the preliminary motion to suppress does not change the government's time to respond to the other motions filed in this case, as set forth in the Court's July 28, 2016 Arraignment Order. (See doc. no. 10.) Should Defendant file a

particularized motion to suppress, the government shall have the standard fourteen days to respond.

SO ORDERED this 10th day of August, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA