IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 116-055 |
| | ) | |
| JUSTIN MICHAEL TONEY | ) | |

**O R D E R**

On August 9, 2016, Defendant Justin Michael Toney Defendant filed a boilerplate, preliminary motion to suppress which offers no specific basis for suppression but seeks permission to file a particularized motion at an unspecified, later date. (See doc. no. 21.) The Court granted Defendant an extension of time until August 17, 2016, to file a particularized motion that complies with Local Criminal Rule 12.1, and he was warned that failing to do so would result in the Court treating his preliminary motion as a nullity. (See doc. no. 25.) Upon review of Defendant's most recent filing, (doc. no. 26), the Court concludes this suppression motion also fails to satisfy the requirements of Local Criminal Rule 12.1.

According to the information in the motion, there are allegedly various, unspecified problems with "the initial detention or custodial interrogation" of Defendant on March 19, 2016. In contravention of Local Criminal Rule 12.1, Defendant has not provided the Court any evidentiary documentation that can be examined in support of his non-specific allegations of illegality. Although there is one citation to body camera footage and a two-

page Sheriff's Report, the Court does not possess the cited discovery and has no means by which to analyze Defendant's arguments by specific application of his general principles of law to the facts of this case. There is no affidavit from Defendant to fill in the evidentiary gaps. Nor is there a memorandum of law in support of the motion.

The Court is not required to hold an evidentiary hearing simply because a motion to suppress is filed. See United States v. Cooper, 203 F.3d 1279, 1283, 1285 (11th Cir. 2000). The burden is upon Defendant to allege facts that would, if proven true, entitle him to relief. United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994). The Court will provide Defendant until August 26, 2016, to particularize his suppression motion in compliance with Local Criminal Rule 12.1. Failure to cure the defects with the pending motions will result in the Court treating the requests for suppression as nullities.

Defendant also filed a motion to withdraw a previously-filed, omnibus discovery motion. The Court **GRANTS** that request, (doc. no. 27), and **DIRECTS** the **CLERK** terminate the prior motion, (doc. no. 17).

SO ORDERED this 18th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA